UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-20170-CR-COOKE/GOODMAN

UNITED STATES OF AMERICA

v.

ELIOT PEREIRA,
NATALIE ARMONA,
MELISSA RIOS,
BRYANT ORTEGA,
ANGELO SANTA CRUZ,
ALEXIS FERNANDEZ CRUZ,
ROBERTO CARLOS GRACIA,
JOSE E. RIVERA,
ANGELES DE JESUS ANGULO,
JENNIFER RUIZ,
YIRIELKYS PACHECO FERNANDEZ,
and
SEBASTIAN LOAYZA,

_____/

## VICTIM FRIEDMAN MANAGEMENT COMPANY D/B/A/ FRIEDMAN REAL ESTATE MANAGEMENT'S PETITION FOR TURNOVER OF PROPERTY SUBJECT TO PRELIMINARY ORDER OF FORFEITURE AND MEMORANDUM OF LAW

Petitioner, Friedman Management Company d/b/a/ Friedman Real Estate Management ("Friedman"), by and through its undersigned counsel, and pursuant to 21 U.S.C. §853(n), 19 U.S.C. §1963(l), and Fed. R. Crim. P. 32.2(c), and all other applicable laws and rules of procedure, files this Petition claiming a superior legal right, title or interest in $180,891.00 in funds which were illicitly taken by certain of the named Defendants, and transferred to Alexis

1

Universal Inc., and its TD Bank account, which are the subject of these forfeiture proceedings, and in support thereof, states the following:

1.   In a criminal indictment dated March 9, 2018 ("Indictment"), the United States Government indicted the Defendants and accused them of perpetrating a sophisticated criminal conspiracy whose purpose was to facilitate money laundering and other criminal offenses. Under the alleged criminal scheme the Defendants created "shell companies" and recruited "money mules" for the purpose "of receiving, withdrawing, and transferring proceeds of criminal activity".

2.   Among the money mules allegedly recruited into the scheme was Defendant Alexis Fernandez Cruz, who was a resident of Miami and the incorporator, director, and president of a shell company called Alexis Universal, Inc.  Under the Forfeiture Allegations at paragraph 2 of the Indictment, The United States Government contends that Defendant Alexis Fernandez Cruz participated in a criminal conspiracy and obtained and received $993,106.48 into Alexis Universal Inc.'s TD Bank account ending in 6181 taken from several victims.  In the Indictment the United States Government petitioned for the forfeiture of those proceeds, and an Order of Forfeiture was entered on October 15, 2018 by the Honorable Marcia G. Cooke of the United States District Court for the Southern District of Florida ("Forfeiture Order").  A copy of the Forfeiture Order is attached hereto as Exhibit 1.

3.   A portion of the $993,106.48 in funds illegally taken by Defendants, being $180,891.00, were stolen directly from Friedman, a highly respected Michigan based real estate management company with a national presence, and illegally transferred by Defendant Alexis Fernandez Cruz into Alexis Universal Inc.'s TD Bank account.  The transfer was effectuated by

a string of phony emails created by Defendants which impersonated a Freidman client named Joseph Chetrit. One of the fabricated emails was made to appear as a legitimate email dated October 31, 2017 from Chetrit asking a Friedman employee to wire transfer the sum of $180,891.00 from a Joseph Chetrit operating account to Alexis Universal Inc.'s TD Bank account. Copies of the respective email string are attached as Exhibit 2. On October 31, 2017, Friedman transferred $180,891.00 from its Joseph Chetrit operating account into a Friedman bank account and then subsequently wired the funds to Alexis Universal Inc.'s TD Bank account. A copy of the bank wire confirmation to Alexis Universal Inc.'s TD Bank account is attached as Exhibit 3.

4.     On or about July 26, 2018, Defendant Alexis Fernandez Cruz entered a Plea Agreement with the United States Government and pled guilty to Count 1 of the Indictment. At paragraph 16 of the Plea Agreement, Defendant Alexis Fernandez Cruz agreed to the following: "The Defendant agrees to the entry of a forfeiture money judgment in the amount of $17,500, and that the Defendant will forfeit $984,393.31 in funds seized from Alexis Universal Inc.'s TD Bank account ending in 6181. . . ." See Plea Agreement of Defendant Alexis Fernandez Cruz dated July 26, 2018, a copy of which is annexed hereto as Exhibit 4. As previously sated, included in the $993,106.48 in funds forfeited to the United States Government, was the $180,891.00 in funds stolen from Friedman by Defendant Fernandez Cruz.

5. This Petition is timely filed after notice of the forfeiture from Assistant United States Attorney Adrienne E. Rosen by letter dated February 15, 2019, a copy of which is attached hereto as Exhibit 5.

6. Pursuant to 21 U.S.C. § 853(n) any third party "asserting a legal interest in property which has been ordered forfeited to the United Sates" may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. §853(n)(2).

7. Victim Friedman contends that a constructive trust provides it with a right of interest in the $180,891.00 in seized funds superior to the United States Government's right of forfeiture. A constructive trust is "an appropriate remedy for unjust enrichment." *In re Lee*, 574 B.R. 286 (M.D.Fla. 2017). As the Court held in *In re Lee*, there are two grounds for the imposition of a constructive trust:

> property that has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it. . . . . [E]quity will raise a constructive trust and compel restoration, where one through actual fraud, abuse of confidence reposed or accepted, or through other questionable means gains something for himself which in equity and good conscience he should not be permitted to hold.

*Citing American Nat'l Bank of Jacksonville v. Fed. Deposit Ins Corp.*, 710 F.2d 1528, 1541 (11th Cir. 1983) (quoting *Turturo v. Schmier*, 374 So.2d 71, 73-74 (Fla. D.C.A.3d 1979) (further citations omitted)).

The Eleventh Circuit has held "(1) that a constructive trust, despite being an equitable remedy, constitutes a 'legal right, title, or interest in . . . property' under § 853(n)(6)(A), and (2) that a constructive trust can render a forfeiture order invalid pursuant to that subsection." *United States v. Shefton*, 548 F.3d 1360, 1365 (11th Cir. 2008).

Wherefore, by this Petition, victim Friedman Management d/b/a/ Friedman Real Estate Management, respectfully urges the Court to: (i) fully recognize Victim Friedman's valid and enforceable interest in the $180,891.00 in funds as senior to any interest claimed by the United States; and (ii) order distribution to Friedman in the amount of $180,891.00 of the funds

recovered in accordance with further orders of the Court, and for such other relief as the Court deems just and equitable.

Dated this __11th__ day of March, 2019.

Respectfully submitted,

YANOWITCH LAW, P.A.

Attorneys for Petitioner, Friedman
Management Company d/b/a/ Friedman
Real Estate Management
255 Alhambra Circle, Suite 700
Coral Gables, FL 33134
(305) 445-3800 | (305) 448-5800 (Fax)
BY: /s Peter J. Yanowitch, Esq.
Fla. Bar No.: 337196
peter@yanowitchlaw.com

## **DECLARATION**

Petitioner Friedman Management Company d/b/a/ Friedman Real Estate Management attests and declares under penalty of perjury that the factual statements in the foregoing Petition are true and correct to the best of his knowledge and belief.

Executed on March 7, 2019 in Farmington Hills, Michigan.

By: Mr. Charles Delaney
Chief Operating Officer

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2019, true and correct copies of the foregoing were filed with the Clerk of the Court using the CM/ECF system, and were served via Notice of Electronic Filing CM/ECF to those parties registered to receive electronic notices of filing in this case.

> YANOWITCH LAW, P.A.
> Attorneys for Petitioner, Friedman
> Management Company d/b/a/ Friedman
> Real Estate Management
> 255 Alhambra Circle, Suite 700
> Coral Gables, FL 33134
> (305) 445-3800 | (305) 448-5800 (Fax)
> BY: /s Peter J. Yanowitch, Esq.
> Fla. Bar No.: 337196
> peter@yanowitchlaw.com

1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 18-20170-CR-MGC

UNITED STATES OF AMERICA

v.

**ALEXIS FERNANDEZ CRUZ,**

**Defendant.**

_____/

## PRELIMINARY ORDER OF FORFEITURE

The United States of America ("United States") has moved pursuant to Title 18, United States Code, Section 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure ("Federal Rules") for Entry of a Preliminary Order of Forfeiture. Being fully advised in the premises, the Court finds as follows:

**WHEREAS,** on March 9, 2018, a federal grand jury sitting in the Southern District of Florida handed down an indictment ("Indictment") which charged Defendant, in relevant part, Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Section 1956(h) (Count 1) [ECF No. 19]; and

**WHEREAS,** the Indictment further alleged that upon conviction of a money laundering offense, Defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property [*Id.*]; and

**WHEREAS,** on July 27, 2018, Defendant pled guilty to Count 1 of the Indictment, and specifically agreed to a forfeiture judgment in the amount of $17,500 and forfeiture of the

$984,393.31 in funds seized from Alexis Universal Inc.'s TD Bank account ending in 6181 [ECF No. 126 ¶ 16]; and

**WHEREAS,** Defendant admitted in his Factual Proffer that he opened an account in the name Alexis Universal Inc. at TD Bank, account number ending in 6181 ("Alexis account"), on October 26, 2017; on October 31, 2017, he received two wire transfers totaling $993,106.48 into the Alexis account as part of the Money Laundering Conspiracy [ECF No. 127]; on November 1, 2017, the day after the deposits, he withdrew $8,600.00 in cash; and on November 9, 2017, he also withdrew $8,500.00 from another account in the name of Alexis Universal Inc. that was involved in the Money Laundering Conspiracy [*Id.*], and

**WHEREAS,** the United States requests a forfeiture judgment in the amount of $17,500, which represents the amount of money involved in the offense to which Defendant pled guilty and forfeiture of $984,393.31 in funds seized from the Alexis account, and

**WHEREAS,** Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that forfeiture consists of a money judgment;@ and

**NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that a money judgment is hereby entered against Defendant in the amount of $17,500, which represents the proceeds he received that are traceable to the commission of the violation to which he pled guilty.

**IT IS FURTHER ORDERED** that $984,393.31 in funds seized from Alexis Universal Inc,'s TD Bank account ending in 6181 is hereby forfeited to the United States pursuant to Title 18, United States Code, Sections 982(a)(1).

2

**IT IS FURTHER ORDERED** that the United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order so as to substitute property of Defendant ALEXIS FERNANDEZ CRUZ having a value not to exceed the sum of $17,500, in U.S. currency in satisfaction of the money judgment in whole or in part.

**IT IS FURTHER ORDERED** that the United States Secret Service, or any duly authorized law enforcement agency shall, as soon as practicable, take custody or seize the property pursuant to Title 21, United States Code, Section 853(g).

**IT IS FURTHER ORDERED** that the United States shall publish notice of this Order in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that the United States shall provide, to the extent practicable, direct written notice to any person known to have an alleged interest in the property, in addition to the published notice.

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order shall be made a part of each Defendant's sentence and shall be included in the Court's judgment and commitment orders in this cause.

**IT IS FURTHER ORDERED** that the United States is further authorized, pursuant to Title 21, United States Code, Section 853(m) and Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, to conduct any discovery necessary, including depositions, to identify, locate or dispose of the property or in order to expedite ancillary proceeding related to any third part petition claims filed with respect to the property;

**IT IS FURTHER ORDERED** that that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture in which all interests will be addressed.  If no claims are filed within thirty (30) days of the final publication of notice or the receipt of actual

3

notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2), this Order shall be deemed a final order of forfeiture and the United States Secret Service, or any duly authorized law enforcement official, shall dispose of the property in accordance with applicable law.

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** this 15th day of October 2018, in Miami, Florida.

MARCIA G. COOKE
United States District Judge

cc:     AUSA Adrienne E. Rosen (2 certified copies)

2

## Demmer, Katie

| | |
|---|---|
| **From:** | Browers, Casey |
| **Sent:** | Tuesday, October 31, 2017 4:06 PM |
| **To:** | Nucci, Tara |
| **Cc:** | Borko Milosev; Delaney, Chuck; Kugler, Laurie; Blessard, Amy; Brown, Tracy |
| **Subject:** | RE: Distribution/Wire |
| **Attachments:** | Chetrit.pdf |

This wire was just sent, confirmation is attached.

**From:** Nucci, Tara
**Sent:** Tuesday, October 31, 2017 11:52 AM
**To:** Browers, Casey <Casey.Browers@freg.com>
**Cc:** Borko Milosev <borko@posfroadmgmt.com>; Delaney, Chuck <Chuck.Delaney@freg.com>; Kugler, Laurie <Laurie.Kugler@freg.com>; Blessard, Amy <Amy.Blessard@freg.com>; Brown, Tracy <Tracy.Brown@freg.com>
**Subject:** RE: Distribution/Wire

Casey – please initiate a wire from the Chetrit Chase bank account to the wiring instructions highlighted below, in the amount of **$180,891**. Thank you.

**From:** Borko Milosev [mailto:borko@posfroadmgmt.com]
**Sent:** Tuesday, October 31, 2017 11:46 AM
**To:** Nucci, Tara <Tara.Nucci@freg.com>
**Subject:** Re: Distribution/Wire

Tara-

Please find below the wiring instructions:

Bank: TD Bank
5042 w 12th LN
Miami, FL 33012

ABA#: 067014822
Account#:  434-895-6181

Account Name: ALEXIS UNIVERSAL INC
5000 SW 75th Ave #112
Miami, FL 33155

Let me know when its done

Thanks!

Sent from my iPhone

1

**From:** Nucci, Tara <Tara.Nucci@freg.com>
**Sent:** Tuesday, October 31, 2017 9:11 AM
**To:** Borko Milosev
**Subject:** RE: Distribution/Wire

OK, sounds good.

**From:** Borko Milosev [mailto:borko@postroadmgmt.com]
**Sent:** Tuesday, October 31, 2017 11:10 AM
**To:** Nucci, Tara <Tara.Nucci@freg.com>
**Subject:** Re: Distribution/Wire

Sorry, I will have Joe send the wiring instructions again. No, he would like a distribution wired from the Chetrit Chase Operating account to a Company for settlement.

I will send the instructions shortly.

Sent from my iPhone

**From:** Nucci, Tara <Tara.Nucci@freg.com>
**Sent:** Tuesday, October 31, 2017 9:05:45 AM
**To:** Borko Milosev
**Subject:** RE: Distribution/Wire

Yes, I can take care of this.  But nothing was attached.  And to clarify, he would like a distribution wired from the Chetrit Chase Operating account to his account?

**From:** Borko Milosev [mailto:borko@postroadmgmt.com]
**Sent:** Tuesday, October 31, 2017 11:04 AM
**To:** Nucci, Tara <Tara.Nucci@freg.com>
**Subject:** Fw: Distribution/Wire

Tara-

Joe would like a to make a distribution. Are you in office to handle this today ? I have attached the wiring instructions Joe wants to wire to.

2

Please let me know when its done.

Thanks!

Sent from my iPhone

---

**From:** jochetrit@aol.com <jochetrit@aol.com>
**Sent:** Tuesday, October 31, 2017 8:57 AM
**To:** Borko Milosev
**Subject:** Re: Distribution/Wire

OK to wire 180,891$ today.

Sent from my BlackBerry 10 smartphone on the Verizon Wireless 4G LTE network.

-----Original Message-----
From: Borko Milosev <borko@postroadmgmt.com>
To: jochetriit <jochetrit@aol.com>
Sent: Tue, Oct 31, 2017 3:56 pm
Subject: Distribution/Wire

Joe-

As per our conversation yesterday, can u pls respond okay to this email approving wire of $180,891 to the wiring instructions you sent to me ?

This will come out Empire operating account

Thanks!

Sent from my iPhone

3

3

FINSILVER
FRIEDMAN M

Status
**Released**

J.P.Morgan

# Transaction Information

Account Number/Name
361552914/FINSILVER
FRIEDMAN MANAGEMENT

Branch Location/Bank Name/Bank ID
JPMorgan Chase Bank, N.A. (MI)/JPMORGAN
CHASE BANK, N.A./072000326

Method
Wire

Payment Amount
USD    180,891.00

Value Date
10/31/2017

Bank to Bank Transfer
No

Beneficiary Bank Country
UNITED STATES - US

---

# Routing/Reference Information

## Beneficiary

Account Number
4348956181
Alexis Universal Inc
UNITED STATES - US

## Beneficiary Bank

United States FED ABA
067014822
TD BANK, NA
WEST PALM BEACH,FL
UNITED STATES - US

Supplementary        <No ID>

Last Validation:    10/31/2017 01:56 PM

---

# Transaction Details

Chetrit Distribution

## Bank To Bank

Charges
Remitter

Priority
No

---

| Date Created | Transaction ID | Bank Reference | Settlement Reference |
|---|---|---|---|
| 10/31/2017 01:56 PM EDT | 41413008 | 6033000304JO0000 | -- |

---

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO.  18-20170-CR-MGC

**UNITED STATES OF AMERICA**

**v.**

**ALEXIS FERNANDEZ CRUZ,**

                **Defendant.**

_____/

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "United States"), and Alexis Fernandez Cruz (hereinafter referred to as the "Defendant"), enter into the following agreement:

1.      The Defendant agrees to plead guilty to Count 1 of the Indictment (hereinafter the "Indictment").  Count 1 charges that the defendant did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which transaction involved the proceeds of specified unlawful activity, knowing the property involved in the financial transaction represented the proceeds of some form of unlawful activity, knowing that such transaction was designed, in whole and in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and all in violation of Title 18, United States Code, Section 1956(h).  The

Defendant acknowledges that he has read the charges against his contained in the Indictment and that the charges have been fully explained to his by his attorney. The United States agrees to dismiss the remaining count(s) of the Indictment, as to this Defendant, at sentencing.

2. The Defendant is aware that the sentence will be imposed by the Court. The Defendant understands and agrees that federal sentencing law requires the Court to impose a sentence that is reasonable and that the Court must consider the United States Sentencing Guidelines and Policy Statements (hereinafter the "Sentencing Guidelines") in determining that reasonable sentence. The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a presentence investigation by the United States Probation Office ("Probation"), which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that while the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, it is not bound to impose that sentence. Defendant understands that the facts that determine the offense level will be found by the Court at the time of sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as the provisions or stipulations in this Plea Agreement. The United States and the Defendant agree to recommend that the Sentencing Guidelines should apply pursuant to *United States v. Booker*. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing

2

Guidelines' advisory sentence.   Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      The Defendant also understands and acknowledges that as to the offense of conspiracy to commit money laundering, as charged in Count 1, the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years.   In addition to any period of imprisonment the Court may also impose a period of supervised release of up to three (3) years to commence at the conclusion of the period of imprisonment.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000, pursuant to 18 U.S.C. § 3571(a)(3), or twice the pecuniary gain or loss caused by the offense, pursuant to 18 U.S.C. § 3571(d), as well as restitution.

4.      The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this Agreement, a special assessment in the total amount of $100.00 will be imposed on the Defendant.  The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5.      The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural-born citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the crime to which the Defendant is pleading guilty.  In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime.  Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and Defendant

3

understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant chooses to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's denaturalization and automatic removal from the United States.

6.       The Defendant shall cooperate with law enforcement officials, attorneys with the United States Attorney's Office for the Southern District of Florida by providing full, complete and truthful information regarding his knowledge, conduct and actions while involved in this offense and by providing active cooperation in ongoing investigations if requested to do so. If called upon to do so, the Defendant shall provide complete and truthful testimony before any grand jury or trial jury in any criminal case, in any civil proceeding or trial, and in any administrative proceeding or hearing. In carrying out his obligations under this paragraph Defendant shall neither minimize his own involvement nor fabricate, minimize or exaggerate the involvement of others. If the Defendant intentionally provides any incomplete or untruthful statements or testimony, his actions shall be deemed a material breach of this Agreement and the United States shall be free to pursue all appropriate charges against his notwithstanding any agreements to forbear from bringing additional charges as may be otherwise set forth in this Agreement.

7.       The Defendant shall provide the Probation Office and counsel for the United States with a full, complete and accurate personal financial statement. If the Defendant provides incomplete or untruthful statements in the Defendant's personal financial statement, this action shall be deemed a material breach of this Agreement and the United States shall be free to pursue all appropriate charges against the Defendant notwithstanding any agreements to forbear from

4

bringing additional charges otherwise set forth in this Agreement.

8.      Provided that the Defendant commits no new criminal offenses and provided that

the Defendant continues to demonstrate an affirmative recognition and affirmative acceptance of

personal responsibility for his criminal conduct, the United States agrees that it will recommend

at sentencing that the Defendant receive a three-level reduction for acceptance of responsibility

pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the Defendant's recognition

and affirmative and timely acceptance of personal responsibility.  The United States, however, will

not be required to make this sentencing recommendation if the Defendant:  (1) fails or refuses to

make a full, accurate and complete disclosure to the United States and Probation of the

circumstances surrounding the relevant offense conduct and the Defendant's present financial

condition; (2) is found to have misrepresented facts to the United States prior to entering this Plea

Agreement; or (3) commits any misconduct after entering into this Plea Agreement, including but

not limited to committing a state or federal offense, violating any term of release, or making false

statements or misrepresentations to any governmental entity or official.

9.      The United States reserves the right to inform the Court and Probation of all facts

pertinent to the sentencing process, including all relevant information concerning the offenses

committed, whether charged or not, as well as concerning the Defendant and the Defendant's

background.  Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this Plea Agreement, the United States further reserves the right to make any

recommendation as to the quality and quantity of punishment.

10.     The United States reserves the right to evaluate the nature and extent of the

Defendant's cooperation and to make the Defendant's cooperation, or lack thereof, known to the

Court at the time of sentencing.  If in the sole and unreviewable judgment of the United States the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence advised by the Sentencing Guidelines, the United States may at or before sentencing make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the Defendant has provided substantial assistance and recommending a sentence reduction.  The Defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the Defendant's cooperation shall be binding on the Defendant.

11.     The Defendant understands and acknowledges that the Court is under no obligation to grant a motion by the United States pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 11 of this Agreement, should the United States exercise its discretion to file such a motion.

12.     The parties agree that, at the time of sentencing, the United States will recommend a sentence at the low end of the applicable guidelines range.

13.     The United States and the Defendant agree that, although not binding on Probation or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the applicable advisory sentencing guideline range:

(a)     <u>Base Offense Level</u>: The Defendant's base offense level is eight (8), in

6

accordance with U.S.S.G. § 2S1.1(a)(2);

(b)     The Defendant's offense level shall be increased by fourteen (14) levels pursuant

to U.S.S.G. § 2B1.1(b)(1)(H)-(I) because the loss was between $550,000 and

$250,000, and also pursuant to 2S1.1(a)(2); and

*[handwritten: AF, CB, BM, $ 1,500,000]*

(c)     The Defendant's offense level shall be increased by two (2) levels pursuant to

U.S.S.G. § 2S1.1(b)(2)(B), as the offense is a § 1956 conviction.

TOTAL OFFENSE LEVEL – UNADJUSTED                        <u>24</u>

(e)     <u>Acceptance of Responsibility</u>:        That the Defendant's offense level shall be

decreased by three (3) levels pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b)

because the Defendant has demonstrated acceptance of responsibility for his

offense and assisted authorities in the investigation of and prosecution of his own

misconduct by timely notifying authorities of his intention to enter a plea of guilty.

TOTAL OFFENSE LEVEL – ADJUSTED                        <u>21 (37-46 mos.)</u>

14.     The Defendant acknowledges and understands that additional or different

enhancements or provisions of the Sentencing Guidelines might be applicable, and that neither the

Court nor Probation are bound by the parties' joint recommendations.

15.     The Defendant knowingly agrees to immediately and voluntarily forfeit to the

United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), all property,

real or personal, that was involved in the offense, or that constitutes or is derived, directly or

indirectly, from gross proceeds traceable to the offense to which Defendant is pleading guilty. The

Defendant agrees that such property is subject to forfeiture pursuant to Title 18, United States

Code, Section 982(a)(7).

7

16.     The Defendant agrees to the entry of a forfeiture money judgment in the amount of **$17,500**, and that the Defendant will forfeit **$984,393.31** in funds seized from Alexis Universal Inc.'s TD Bank account ending in 6181 ("Forfeiture Money Judgment").  Defendant knowingly and voluntarily agrees that he shall not, in any manner, act in opposition to the United States seeking entry of, and satisfying, the Forfeiture Money Judgment.  The Defendant also agrees to assist this Office in all proceedings, administrative or judicial, in satisfying the Forfeiture Money Judgment.  The assistance shall include: identification of property available to satisfy the Forfeiture Money Judgment, and the transfer of such property to the United States by delivery to this Office upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property, as well as truthful and complete testimony in any forfeiture civil or ancillary proceeding as against third parties who may claim an interest in such assets.  Defendant agrees that the United States may seek substitute assets within the meaning of 21 U.S.C. § 853.

17.     The Defendant knowingly and voluntarily waives any right he may have to an appeal of the Forfeiture Money Judgment, agrees to waive any claim or constitutional, legal or equitable defense the Defendant may have with respect to such order, including any claim of excessive fine or penalty under the Eighth Amendment to the United States Constitution.  Additionally, the Defendant waives the statute of limitations, and any notice requirements, with respect to forfeitures resulting from this case.

18.     In furtherance of the collection of the Forfeiture Money Judgment and restitution judgment, the Defendant agrees to the following:

8

(a)     The Defendant agrees to make full and accurate disclosure of his financial affairs to the United States Attorney's Office and the United States Probation Office.  Specifically, the Defendant agrees that **within 10 calendar days** of the signing of this Plea Agreement, the Defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, whether located within or outside of the United States.  The Defendant agrees to provide, in a timely manner, all financial information requested by the United States Attorney's Office and U.S. Probation Office, and upon request, to meet in person to identify assets/monies which can be used to satisfy the Forfeiture Money Judgment and/or the restitution judgment.  In addition, the Defendant expressly authorizes the United States Attorney's Office to obtain a credit report.

(b)     The Defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the government, until the Forfeiture Money Judgment and his restitution judgment are paid in full.  The Defendant shall also identify any transfer of assets valued in excess of $5,000 since the date of his Indictment or when he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

(c)     The Defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward forfeiture and restitution.  The Defendant agrees that providing false or incomplete information about his financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets

9

may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines § 3E1.1.

(d)     The Defendant further agrees to liquidate assets, or complete any other tasks which will result in immediate payment of the Forfeiture Money Judgment and the restitution judgment in full, or full payment in the shortest amount of time, as requested by the government.

(e)     The Defendant shall notify, within 30 days, the Clerk of the Court and the United States Attorney's Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances that affects the ability to pay the Forfeiture.

19.     The Defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendant's ability to pay and that the Court must order the Defendant to pay restitution for the full loss caused by his criminal conduct pursuant to 18 U.S.C. § 3663A.  Furthermore, the Defendant stipulates that he owes restitution in the amount of at least approximately **$1,001,893.31.**  The Defendant acknowledges that the $984,393.31 seized from Alexis Universal Inc.'s TD Bank account ending in 6181 may be forfeited and/or applied toward payment of restitution.

20.     The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the United States, or Probation, is a prediction, not a promise, and is not binding on the United States, Probation or the Court.  The Defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Agreement or

otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the United States, or a recommendation made jointly by both the Defendant and the United States.

21.     The Defendant is aware that Title 18, United States Code, Section 3742 affords his the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the Defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the Sentencing Guidelines range that the Court establishes at sentencing.  The Defendant further understands that nothing in this Agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b).  However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights.  By signing this Agreement, the Defendant acknowledges that he has discussed the appeal waiver set forth in this Agreement with his attorney. The Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

22.     The initial response to the Standing Discovery Order and discovery provided in this case, including hundreds of pages of documents, email records, bank records, and other evidence,

11

has been provided to the Defendant. Additional discovery exists. Thus, this Office represents that the undersigned prosecutor is unaware of any information establishing the factual innocence of the Defendant in the offense of conviction, referred to in paragraph one of the plea agreement. This Office understands that it has a continuing duty to provide such information establishing factual innocence to the Defendant. The Defendant understands that if this case proceeded to trial, this Office would be required to provide impeachment information relating to any informants or other witnesses. In addition, if the Defendant raised an affirmative defense, this Office would be required to provide information in its possession that supports such defense. Further, if this case proceeded to trial, this Office would be required to provide other information and materials in accordance with Fed. R. Crim. P. 16 and the Southern District of Florida's Standing Discovery Order. In return for the Government's promises set forth in this agreement, the Defendant waives the right to receive all such additional information and materials, other than information and materials establishing the factual innocence of the Defendant, and also agrees not to attempt to withdraw his guilty plea or file a collateral attack based on the existence of such information and materials other than information and materials establishing the factual innocence of the Defendant.

23.     For purposes of criminal prosecution, this Plea Agreement shall be binding and enforceable upon the United States Attorney's Office for the Southern District of Florida. The United States does not release Defendant from any claims under Title 26, United States Code. Further, this Agreement in no way limits, binds, or otherwise affects the rights, powers or duties of any state or local law enforcement agency or any administrative or regulatory authority.

24.     Defendant agrees that if he fails to comply with any of the provisions of this Agreement, including the failure to tender such Agreement to the Court, makes false or misleading

12

statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in paragraph one (1) above), the Government will have the right to characterize such conduct as a breach of this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the Defendant's release (for example, should the Defendant commit any conduct after the date of this Agreement that would form the basis for an increase in the Defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Probation Officer, or Court – the Government is free under this Agreement to seek an increase in the offense level based on that post-Agreement conduct); (b) the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the Government will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him pursuant to this Agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

25.  This is the entire Agreement and understanding between the United States and the

Defendant. There are no other agreements, promises, representations or understandings.

BENJAMIN G. GREENBERG

UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 7/26/2018          By: _____
                              LISA H. MILLER
                              ASSISTANT U.S. ATTORNEY
                              SOUTHERN DISTRICT OF FLORIDA

Date: 7/26/2018          By: _____
                              ALEXIS FERNANDEZ CRUZ
                              DEFENDANT

Date: 7/26/18            By: _____
                              JUAN MOURIN AND JASON GREY, ESQ.
                              COUNSEL FOR ALEXIS FERNANDEZ CRUZ

14

5



**U.S. Department of Justice**

United States Attorney
Southern District of Florida

---

*Adrienne E. Rosen*
*Assistant U.S. Attorney*

*99 N.E. 4 Street*
*Miami, FL 33132*
*(305) 961-9338*

February 15, 2018
VIA EMAIL AND FEDERAL EXPRESS

Friedman Real Estate Group
Attn: Chuck Delaney
34975 W 12 Mile Road, Suite 100
Farmington Hills, MI 48331

Re:     Notice of Third Party Claimant Procedure for Property Forfeited in
        *U.S. v. Eliot Pereira, et al*; Case No. 18-CR-20170-MGC.

Dear Mr. Delaney:

The United States District Court for the Southern District of Florida has ordered that certain property in the above-styled criminal case be forfeited to the United States. The enclosed Preliminary Order of Forfeiture describes the property subject to forfeiture and the procedure for filing a petition for the property in which you may have a legal right, title or interest. By receipt of this letter, you are given actual notice of the forfeiture of the property and of your right to assert a claim ("Notice"). This Notice is intended only to provide you with notice; service of this Notice is in no way intended to imply that the United States believes that you would have a valid claim to the forfeited property. Neither a defendant in the criminal case, nor an agent acting on his or her behalf, is entitled to file a petition.

The procedure for filing a petition is set forth in Title 21, United States Code, Section 853(n)(2). If you intend to file a petition, you must do so in the above-styled case within thirty (30) days of your receipt of this letter. The petition must be filed under the above case name and number in the United States District Court, 400 North Miami Avenue, Room 8N09, Miami, FL 33128, with a copy to Adrienne E. Rosen, Assistant United States Attorney, United States Attorneys Office, 99 N.E. 4 Street, Miami, Florida 33132.

*Pursuant to Title 21, United States Code, Section 853(n)(2), the "petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."*

Please do not hesitate to contact me at (305) 961-9338 if you have any questions.

Sincerely,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____

Adrienne E. Rosen
Assistant United States Attorney

Attachment: Preliminary Order of Forfeiture